# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| **RODNEY V. EDWARDS,** | ) |
| **Claimant,** | ) ) ) |
| vs. | ) ) Civil Action No. CV-12-S-2627-M |
| **MICHAEL J. ASTRUE, Commissioner, Social Security Administration,** | ) ) ) ) ) |
| **Defendant.** | ) |

## MEMORANDUM OPINION AND ORDER

Claimant Rodney Edwards commenced this action on August 3, 2012, pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner, affirming the decision of the Administrative Law Judge ("ALJ"), and thereby denying his claim for a period of disability, disability insurance, and supplemental security income benefits. For the reasons stated herein, the court finds that the Commissioner's ruling is due to be affirmed.

The court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope of review is limited to determining whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and whether correct legal standards were applied. *See Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Tieniber v. Heckler*, 720 F.2d 1251, 1253

(11th Cir. 1983).

Claimant contends that the Commissioner's decision is neither supported by substantial evidence nor in accordance with applicable legal standards. Specifically, claimant asserts that the ALJ improperly considered the assessment of Dr. V. Snehaprabha Reddy, the consultative physician who examined claimant after the administrative hearing, and that the ALJ should have reconvened the hearing to obtain additional vocational expert testimony based upon all of the limitations assessed by Dr. Reddy.

At the conclusion of the March 4, 2011 administrative hearing, the ALJ stated that he wanted to send claimant for a consultative examination to assess the severity of his COPD and lumbar spine, knee, and ankle problems.[1]  Dr. Reddy examined claimant on May 2, 2011.  Claimant reported experiencing arthritis in his ankles, knees, and shoulder; low back pain; hypertension; kidney disease; diabetic neuropathy; gastroesophageal reflux disease; diabetes mellitus; shortness of breath; and heart murmur.  On examination, Dr. Reddy noted a blood pressure of 154/84, pulse of 68, and respiratory rate of 28.  Claimant had occasional wheezes on deep expiration and slightly decreased breath sounds allover his lung fields.  His heart had regular rhythm with no murmur, and he showed no pitting edema, cyanosis, or clubbing of the extremities.  His neurological exam was grossly intact.  The

---

[1] Tr. 101-02.

2

examination of claimant's musculoskeletal system revealed some tenderness on palpitation of the paraspinal muscles at the lumbosacral area, negative straight leg raising test, normal reflexes, and no muscle weakness or atrophy. His gait was normal, and he could heel-toe walk and squat and arise. His grip strength and finger dexterity were normal.[2] Claimant had slightly reduced range of motion in the dorsolumbar spine and knee, but all other range of motion was normal.[3] Dr. Reddy assessed claimant as suffering from mild to moderate COPD; degenerative disc disease of the lumbosacral spine; osteoarthritis of the ankles, knees and right shoulder; diabetes mellitus; and history of diabetic neuropathy.[4]

Dr. Reddy also completed a Medical Source Statement of Ability to Do Work-Related Activities (Physical) form. He indicated that claimant could continuously lift up to 10 pounds, occasionally lift up to 20 pounds, and never lift more than 20 pounds. He could frequently carry up to 10 pounds, occasionally carry up to 20 pounds, and never carry more than 20 pounds. Claimant could sit up to two hours at a time, stand up to one hour at a time, and walk up to thirty minutes at a time, during an eight-hour workday. He could sit for a total of four hours, stand for a total of three hours, and walk for a total of one hour, during an eight-hour workday. Those

---

[2] Tr. 439-40.
[3] Tr. 425-26.
[4] Tr. 440.

limitations were due to back pain running down into claimant's right hip and leg. Claimant would not need to use a cane for ambulation. He could continuously use his hands for feeling, frequently use them for fingering and handling, occasionally use them for reaching, and never use them for pulling. Dr. Reddy indicated that these limitations were due to pain in claimant's legs, arthritis, and problems with his feet. Claimant could occasionally use his feet for the operation of foot controls, again because of pain in his legs, arthritis, and problems with his feet. He could occasionally climb stairs and ramps, balance, stoop, kneel, and crouch, but he could never climb ladders, climb scaffolds, or crawl. Dr. Reddy indicated that claimant did not have impairments that would affect his hearing or vision, but then he also stated that claimant needed glasses and could not read a computer screen. Claimant could occasionally operate a motor vehicle, but he could never work around unprotected heights, moving mechanical parts, humidity, wetness, dust, odors, fumes, pulmonary irritants, extreme cold or heat, vibrations, and noise. He could not walk a block at a reasonable pace on rough or uneven surfaces, but he could shop, travel without a companion, ambulate without an assistive device, use standard public transportation, climb a few steps at a reasonable pace using a hand rail, prepare a simple meal, feed himself, care for personal hygiene, and use paper and files. Dr. Reddy indicated that claimant's limitations had lasted or would last for at least 12 consecutive months.[5]

---

[5] Tr. 419-24.

The ALJ stated the following with regard to his consideration of Dr. Reddy's opinion:

> I give significant weight to the opinion of the consultative examiner, Dr. Reddy . . . . Dr. Reddy had the opportunity to review the claimant's medical evidence of record, and thus had a significant basis for his determinations, in addition to a physical examination of the claimant and recent diagnostic testing.  His report and examination are consistent with the client's treatment records and the medical evidence as a whole and are entitled to significant weight.  However, I did not rely on Dr. Reddy's medical source statement, as it was not consistent with the diagnostic testing with regards to the limitations posturally or in the claimant's extremities.  I did consider the detailed findings and diagnostic testing contained within his report that were based upon direct observation and examination of the claimant and give them significant weight.[6]

Claimant asserts that the ALJ should have credited *all* of the limitations assessed by Dr. Reddy and conducted a supplemental hearing so he could include those limitations in a hypothetical question to the vocational expert.  The court is not persuaded by claimant's argument and concludes instead that the ALJ properly considered Dr. Reddy's assessment.

Social Security regulations provide that, in considering what weight to give *any* medical opinion (regardless of whether it is from a treating or non-treating physician), the Commissioner should evaluate:  the extent of the examining or treating relationship between the doctor and patient; whether the doctor's opinion can be supported by medical signs and laboratory findings; whether the opinion is consistent

---

[6] Tr. 22 (citations to the administrative record omitted).

5

with the record as a whole; the doctor's specialization; and other factors. *See* 20 C.F.R. § 404.1527(d). *See also Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986) ("The weight afforded a physician's conclusory statements depends upon the extent to which they are supported by clinical or laboratory findings and are consistent with other evidence as to claimant's impairments."). Here, the ALJ explained that he credited Dr. Reddy's narrative report and examination findings because they were consistent with claimant's treatment records and the medical records as a whole. However, the ALJ did not credit Dr. Reddy's medical source statement, because it was not consistent with the diagnostic testing performed with regard to claimant's postural limitations or limitations in his extremities.[7] The ALJ's consideration of both aspects of Dr. Reddy's assessment was supported by substantial evidence. By way of example, Dr. Reddy assessed postural and hand-use limitations, but his physical examination had revealed only a slight decrease of range of motion in the lumbar spine and knee. There was full range of motion in the wrist, hands, and fingers, and claimant's dexterity and grip strength were normal.

In summary, the court concludes the ALJ's decision was based upon substantial evidence and in accordance with applicable legal standards. Accordingly, the decision of the Commissioner is AFFIRMED. Costs are taxed against claimant. The Clerk is directed to close this file.

---

[7] Tr. 22.

DONE this 9th day of April, 2013.

                                              _____
                                              United States District Judge